UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| PC Connection, Inc. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | JURY TRIAL DEMANDED |
| Dayton Crabtree doing business as "Computer ) | |
| Connections" and as "pc-connections.com" ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT FOR PRELIMINARY AND PERMANENT
INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND DAMAGES**

NOW COMES Plaintiff PC Connection, Inc. ("PC Connection"), through its attorneys, Devine, Millimet & Branch, P.A., and complains against Defendant Dayton Crabtree doing business as "Computer Connections" and as "pc-connections.com" (hereinafter "Crabtree") for trademark infringement and dilution, cyberpiracy, unfair competition and unfair and deceptive trade practices.  PC Connection seeks preliminary and permanent injunctive relief, a declaratory judgment, an accounting, actual damages in an amount to be proven at trial, statutory enhanced damages, and attorneys' fees, and in support of such relief alleges as follows:

1. PC Connection brings this action to protect its rights as the owner of the federally-registered trademark PC CONNECTION and as the owner of the Internet domain name "pcconnection.com."  In violation of these rights, Crabtree has registered "pc-connections" as a domain name on the Internet and he is using that domain name to advertise and sell computer-related services in competition with PC Connection.  PC Connection has no affiliation whatsoever with Crabtree and certainly has not authorized him to use its trademarks or domain

1

name, or any confusingly similar domain name such as "pc-connections.com."  In fact, PC Connection has asked Crabtree to cease using the confusingly similar domain name "pc-connections.com" but Crabtree has refused to do so.

## PARTIES

2. PC Connection is a Delaware corporation, the shares of which are traded on the NASDAQ (symbol PCCC), with a principal place of business in Merrimack, New Hampshire. PC Connection, through various wholly-owned subsidiary corporations, is a leading marketer of computer products, electronics and related goods and services, which it makes available to its customers through various methods, including mail order, telephone and the Internet.

3. Crabtree is an individual who, upon information and belief, resides at 429 Cabin Drive, Hedgesville, West Virginia 25427.  Crabtree operates a business under the name "Computer Connection" that offers computer-related services over the Internet via the domain name "pc-connections.com".

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 & 1338, and 15 U.S.C. §§ 1115, 1121 & 1125(a) because the trademark infringement and Lanham Act claims contained herein arise under the laws of the United States.  This Court also has diversity jurisdiction over PC Connection's state law claims because PC Connection is a citizen of the States of New Hampshire and Delaware, and Defendant is a citizen of Georgia, and the amount in controversy exclusive of interest and costs exceeds Seventy-Five Thousand Dollars ($75,000.00).  In addition, the Court can exercise supplemental jurisdiction over the Plaintiff's state law claims contained herein under 28 U.S.C. §§ 1338(b) & 1367 because these claims are joined with substantial and related claims under federal trademark laws and also form part of the same case or controversy.

5. Defendant is subject to personal jurisdiction pursuant to Federal Rule 4(k)(1)(A) since he has engaged in wrongful conduct in this District and is subject to the general jurisdiction of the courts of New Hampshire. RSA 510:4; <u>Velcro Group Corp. v. Billarant</u>, 692 F. Supp. 1443, 1446-49 (D.N.H. 1988).

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because the claims alleged herein arise in this District.

### ALLEGATIONS COMMON TO ALL COUNTS

7. For more than twenty years, PC Connection has used the mark PC CONNECTION as a trademark and trade name in connection with the marketing and sale of computer products, electronics and related goods and services in interstate commerce. PC Connection has grown over the past two decades from a small proprietorship to a Fortune 1000 company and is one of New Hampshire's largest employers.

8. In 1984, PC Connection first registered the trademark PC CONNECTION with the United States Patent and Trademark Office. (USPTO Reg. No. 126318). This trademark is incontestable pursuant to 15 U.S.C. § 1065. Indeed, this Court has previously recognized the substantial strength and validity of the PC CONNECTION mark. <u>PC Connection v. Programmer's Connection, Inc.</u>, No. CV-92-206-M, 1994 WL 258656 (D.N.H. Feb. 1, 1994).

9. Since that time PC Connection has federally registered PC CONNECTION (USPTO Reg. Nos. 1268322 and 1721844); PC CONNECTION (and designs) (USPTO Reg. Nos. 2487203 and 3075167); PC CONNECTION.COM (USPTO Reg. No. 2437186), all based on CONNECTION and the CONNECT formative and all related to the field of computer products, electronics and similar goods.

10. Each of PC Connection's federally registered trademarks consist of the word mark "PC CONNECTION" in varying styles of lettering and some include additional designs. The most well-known being a thin blue arc over the word mark "PC CONNECTION."

11. PC Connection federally registered the Internet domain name, "pcconnection.com" on March 20, 2001 (USTPO Reg. No. 2437186).

12. During the past two decades, PC Connection has used the distinctive PC CONNECTION trademarks extensively and prominently in interstate commerce. PC Connection has invested millions of dollars to promote and protect its name and marks in the United States and numerous other countries. PC Connection, No. CV-92-206-M, 1994 WL 258656. These names and marks have become famous and have acquired substantial and valuable goodwill. Id.

13. In or about April 2010, PC Connection learned that Crabtree had created and registered the Internet domain name "pc-connections.com." Internet users who visit that web address are solicited to purchase computer related services from Crabtree, who does business under the name "Computer Connections." See webpage attached hereto as Exhibit A.

14. On April 27, 2010, PC Connection sent a "cease and desist" letter to Crabtree, a copy of which is attached hereto as Exhibit B.

15. Crabtree responded by e-mail, but did not agree to PC Connection's demand that he stop using the "pc-connections.com" domain name. Accordingly, on June 30, 2010, PC Connection sent a second "cease and desist" letter to Crabtree. See June 30, 2010 letter to Crabtree, a copy of which is attached hereto as Exhibit C. Crabtree has not responded to this letter.

16. As of the date hereof, the "pc-connections.com" webpage is still active and accessible to users of the Internet.

17. There can be no question that Crabtree's creation and maintenance of a webpage, using "pc-connections" to sell computer-related services in direct competition with PC Connection is likely to cause confusion among consumers, likely to dilute PC Connection's trademarks, and is otherwise wrongful and unlawful.

18. Crabtree had constructive notice of PC Connection's registration and ownership of the PC CONNECTION trademark, as well as the numerous other federally registered trademarks owned and used by PC Connection, at the time he created "pc-connections.com" domain name and webpage. *See* 15 U.S.C. §1072.

19. It is highly likely that PC Connection's domain name (pcconnection.com) and its presence on the Internet was discovered in the process of the efforts by Crabtree to register the domain name, "pc-connections.com." What is more, given PC Connection's status as a major Internet-based marketer and seller of computer products and electronics, together with the fact that Crabtree operates his business in the same industry as PC Connection, it is difficult to imagine that PC Connection, its names and marks and/or its domain name were unknown to Crabtree at the time he decided to adopt the infringing domain name in question.

20. Crabtree's continued use of any domain name or other business name which is confusingly similar to any of PC Connection's names, marks and domain name after receipt of the cease and desist letters referred to above constitutes willful and knowing conduct within the meaning of the state and federal statutes upon which this Complaint is based, all of which are intended to prohibit and do prohibit such conduct by Crabtree.

## **COUNT I**

**(Registered Trademark Infringement 15 U.S.C. §§ 1114(a) and 1125(a))**

21.     PC Connection realleges and incorporates herein by reference all of the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

22.     Crabtree's intentional and unauthorized use of any domain name which is confusingly similar to PC Connection's trademarks, including but not limited to the use of "pc-connections.com" as a domain name, constitutes trademark infringement in violation of the Lanham Act.  <u>Brookfield Communications, Inc. v. West Coast Entertainment Corp.</u>, 174 F.3d 1036, 1061, 1065 (9th Cir. 1999).

23.     Without injunctive relief, PC Connection has no means by which to prevent Crabtree's infringing conduct, and PC Connection will continue to be harmed irreparably by the confusion and deception of the public resulting from Crabtree's conduct.

24.     No amount of money damages can adequately compensate PC Connection if it loses the ability to control the use of its trademarks, reputation and goodwill.  Therefore, PC Connection is entitled to injunctive relief prohibiting Crabtree from any further use of any marks, words or symbols which are likely to cause confusion or mistake or otherwise to deceive consumers as to the source and origin of any goods or services offered for sale by Crabtree.

25.     PC Connection is entitled to recover its actual damages as well as any profits realized by Crabtree through its misconduct, together with its costs relating to this action pursuant to 15 U.S.C. § 1117(a).

26.     Because Crabtree has acted willfully, maliciously and fraudulently, with knowledge of the likelihood of confusion and deception and with the intent to confuse and deceive, as alleged herein, PC Connection is entitled to recover treble damages plus its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(b).

27. Alternatively, PC Connection is entitled at its election to recover statutory damages pursuant to 15 U.S.C. § 1117(c).

## COUNT II

### (Famous Trademark Dilution 15 U.S.C. § 1125(c))

28. PC Connection repeats, incorporates and re-alleges herein by reference the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

29. Through more than two decades of use, promotion and publicity, the PC Connection trademarks are famous throughout the United States and in several countries around the world, representing a high-quality source for computer products, electronics and related goods and services.

30. Crabtree's use of "pc-connections.com" will cause dilution of the distinctive quality of PC Connection's famous marks. Accordingly, PC Connection is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

31. Because Crabtree knowingly, willfully and intentionally traded on PC Connection's reputation and diluted PC Connection's famous mark, PC Connection is also entitled to the relief provided for under 15 U.S.C. § 1117(a).

## COUNT III

### (Cyberpiracy 15 U.S.C. § 1125(d))

32. PC Connection repeats, realleges and incorporates herein by reference the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

33. Crabtree has registered, trafficked in and used a domain name that is confusingly similar to and dilutive of PC Connection's distinctive trademark with a bad faith intent to profit from the fame and good will of PC connection's name and trademark in violation of the Anticybersquatting Consumer Protection Act. 15 U.S.C. § 1125(d).

34. Crabtree's conduct as described herein, and especially his continued ownership, maintenance and/or use of a confusingly similar and dilutive domain names and email addresses, has caused and, unless restrained by this Court, will continue to cause PC Connection irreparable injury. PC Connection, therefore, requests that the Court order Crabtree to transfer the "pc-connections.com" domain name to PC Connection, or in the alternative to forfeit the domain name, pursuant to 15 U.S.C. § 1125(d)(1)(C).

35. PC Connection further requests that the Court order Crabtree to remove the "pc-connections.com" webpage from the Internet, and to refrain from using the "pc-connections.com" webpage.

36. In addition to the foregoing relief, PC Connection is entitled to recover its damages as well as any profits realized by Crabtree through his conduct, together with the cost relating to this action, pursuant to 15 U.S.C. § 1117(a).

37. Alternatively, PC Connection is entitled at its election to recover statutory damages pursuant to 15 U.S.C. § 1117(d).

## COUNT IV

**(Unfair Competition and False Designation of Origin 15 U.S.C. § 1125(a))**

38. PC Connection repeats, realleges and incorporates herein by reference the allegations of the preceding paragraphs of this Complaint though fully set forth herein.

39. By reason of Crabtree's acts complained of herein, Crabtree has intentionally engaged in conduct that constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection or affiliation between PC Connection's services and Crabtree's services in violation of 15 U.S.C. § 1125(a). The public is likely to be confused by Crabtree's

use of such false designation of origin and false descriptions or representations regarding PC Connection's goods and services and the Crabtree's goods and services.

40. Without injunctive relief, PC Connection has no means by which to prevent Crabtree's infringing conduct, and PC Connection will continue to be harmed irreparably by the confusion and deception to the public. No amount of money damages can adequately compensate PC Connection if it loses the ability to control the use of its trademarks, reputation and good will. PC Connection thus is entitled to injunctive relief prohibiting Defendants from using PC Connection's name or marks, or any other confusingly similar names or marks in any way in connection with the marketing or sale of computer products, electronics and/or related goods or services.

41. PC Connection is also entitled to recover its damages as well as any profits realized by Defendant through his misconduct, together with the costs relating to this action, pursuant to 15 U.S.C. § 1117(a).

42. Because Crabtree has acted willfully, maliciously and fraudulently, with knowledge of the likelihood of confusion and deception and with the intent to confuse and deceive, as alleged herein, PC Connection is entitled to recover three times its actual damages, plus its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(b).

43. Alternatively, PC Connection is entitled at its election to recover statutory damages pursuant to 15 U.S.C. § 1117(c).

## COUNT V

**(Unfair and Deceptive Acts and Practices in Violation of RSA 358-A:2)**

44. PC Connection repeats, realleges and incorporates herein by reference the allegations of the preceding paragraphs of this Complaint as through fully set forth herein.

45. Crabtree is a "person" within the meaning of RSA 358-A:1.

46. Crabtree, through his use of PC Connection's trademarks and deceptively similar marks has, *inter alia*, passed of his goods and services as those of another; caused likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods and services; and caused likelihood of confusion or of misunderstanding as to their affiliation, connection or association with, or certification by PC Connection.

47. Crabtree's conduct as alleged herein constitutes unfair competition and unfair and deceptive acts in violation of RSA 358-A:2.

48. Because of Crabtree's wrongful acts, as alleged herein, PC Connection and its customers have been irreparably harmed, and will continue to suffer irreparable harm unless Crabtree is enjoined from infringing on PC Connection's marks and from other deceptive conduct. In addition PC Connection has incurred substantial damages, costs and attorneys' fees in connection with this action.

49. PC Connection is entitled to recover injunctive relief, actual damages, and its costs and attorneys' fees.

50. Because Crabtree's actions as alleged herein have been willful and knowing, PC Connection is entitled to three times its actual damages pursuant to RSA 358-A:10.

## **PRAYER FOR RELIEF**

WHEREFORE, PC Connection respectfully requests judgment as follows:

A. Enjoining Crabtree from using PC Connection's federally registered trademarks or any confusingly similar name or mark.

B. Ordering Crabtree to transfer the Internet domain name "pc-connections.com" to PC Connection, or in the alternative, order Crabtree to forfeit this domain name;

  C. Ordering Crabtree to remove the "pc-connections" webpage from the Internet and enjoining him from using any other mark which is intended to or which is likely to confuse consumers;

  D. Granting other injunctive or equitable relief as may be appropriate to remedy the injuries suffered by PC Connection and to prevent future injuries;

  E. Awarding PC Connection its actual damages and an accounting of any and all profits realized by Crabtree as a result of his unlawful conduct;

  F. Awarding enhanced damages, treble damages, attorneys' fees and other additional damages as allowable under the applicable statutes; and

  G. Granting PC Connection such other relief as may be just and equitable.

## DEMAND FOR JURY TRIAL

PC Connction hereby demands a trial by jury on all issues triable by a jury.

       Respectfully submitted,

       **PC CONNECTION, INC.**

       By its attorneys,

       **DEVINE, MILLIMET & BRANCH, PA**

Dated: August 10, 2010    By /s/ Steven E. Grill
       Steven E. Grill, Bar No. 7896
       111 Amherst Street
       Manchester  NH  03105
       (603) 669-1000
       sgrill@devinemillimet.com