```
               UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE
```

PC Connection, Inc.

       v.                                    Civil No. 10-cv-348-LM

Dayton Crabtree, d/b/a
"Computer Connections"
and "pc-connections.com"


**O R D E R**

On September 1, 2010, this court cancelled the preliminary injunction hearing pending plaintiff's proof that it had properly served process on defendant pursuant to Federal Rule Civil Procedure 4(e) and had provided notice of the hearing in the manner specified in the TRO order. (Doc. No. 10).

On September 14, 2010, plaintiff filed its response to the court's order (Doc. No. 12), arguing, in part, that defendant was properly served in the first instance.  Plaintiff also argues that, in any event, defendant's filing of his Answer to Plaintiff's Motion for Temporary and Preliminary Injunctive Relief (Doc. No. 11) one day after the court's order operates as a waiver of any objection to improper service of process.

As will be discussed below, the court agrees with the second proposition.  With respect to plaintiff's first argument, that its prior "service" on defendant by express mail and e-mail

1

correspondence was proper, the court rejects the argument as contrary to the requirements of Federal Rule of Civil Procedure 4 and First Circuit case law. Under these authorities, this court expects, and has no choice but to require, that litigants strictly comply with the dictates of Rule 4.

As the First Circuit has made clear, "[a] defendant must be served in accordance with Fed. R. Civ. P. 4 in order for the court to secure personal jurisdiction over him." <u>Echevarria-Gonzalez v. Gonzalez-Chapel</u>, 849 F.2d 24, 28 (1st Cir. 1988). The burden rests with the plaintiff to establish that it properly served defendant pursuant to the dictates of Rule 4. <u>Saez Rivera v. Nissan Mfg. Co.</u>, 788 F.2d 819, 821 n.2 (1st Cir. 1986).

Here, plaintiff has not carried this burden. Plaintiff's attempts to "serve" defendant by express mail service and e-mail correspondence do not comply with Rule 4(e). Plaintiff has not offered any reason why it did not, as specified in Rule 4(e)(2), simply serve defendant personally or serve him by leaving the summons and a copy of the complaint at defendant's dwelling or usual place of abode with someone of suitable age and discretion

who resides there.[1]  Fed. R. Civ. P. 4(e)(2).  Nor has plaintiff argued that its method of "service" complied with laws for service of process in New Hampshire or West Virginia.  See Fed. R. Civ. P. Rule 4(e)(1).  See also Caisse v. DuBois, 346 F.3d 213, 216 -17 (1st Cir. 2003) (explaining that Rule 4(e) "specifies" only two ways in which process is to be served: personal or abode delivery, or pursuant to laws of forum state or state in which defendant is served).  Finally, plaintiff has not asserted that it attempted to secure defendant's waiver of service under Rule 4(d).

   Believing that service was nonetheless proper, plaintiff argues that it is sufficient that defendant had actual notice of the suit.  The argument fails.  First, plaintiff appears to conflate the issue of proper notification to the defendant under Federal Rule of Civil Procedure 65(a)(1) prior to entry of a preliminary injunction, with proper service of process under

---

[1] From the record before the court, it does not appear that plaintiff made any effort to obtain technically proper service on defendant. Plaintiff could not, therefore, rely on the doctrine of "substantial compliance," which requires actual notice plus "substantial compliance" with the dictates of Rule 4.  See Society of Accredited Marine Surveyors, Inc. v. Scanlan, 2005 WL 670541, *2 (D.Mass. 2005) (holding that doctrine of "substantial compliance" did not apply where there was no evidence on the record that defendant was served by "an appropriate person and in a proper manner"), relying on Precision Etchings & Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21, 23-25 (1st Cir. 1992) (actual notice, without further evidence of substantial compliance with the requirements for service of process, is insufficient to establish adequate service).

Rule 4. See Plaintiff's Motion, Doc. 12, pg. 3, citing to Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cty., 415 U.S. 423, 433 n. 7 (1974), for notice requirements under Rule 65(a). The second of these issues, proper service of process, is critical at this procedural juncture because, as already noted, service of process is a prerequisite for the court's assertion of jurisdiction over the person of the defendant (Echevarria-Gonzalez, 849 F.2d at 28), and is, therefore, a prerequisite to entry of injunctive relief of unlimited duration, such as a preliminary injunction. See Carty v. Rhode Island Dep't of Corr., 198 F.R.D. 18, 20 (D.R.I. 2000).

    Secondly, for purposes of proper service of process, First Circuit law is clear that "[a]ctual notice and simply naming the person in the caption of the complaint is insufficient to subject a defendant to the jurisdiction of the district court. Echevarria-Gonzalez, 849 F.2d at 28. Rules of service must be followed "despite the defendant's knowledge of the suit" because, as one court explained,

> [S]ervice of process serves a dual purpose: it gives
> the court jurisdiction over the person of the defendant
> as well as notifying him of the lawsuit. . . .
> Precisely because of the court's need to get
> jurisdiction over the person of the defendant, actual

>    notice alone is insufficient to give the court the
>    jurisdiction necessary to allow it to enter a judgment
>    against a defendant.

Bennett v. Circus U.S.A., 108 F.R.D. 142, 148 (N.D. Ind. 1985) (holding that defendant's "knowledge of the pendency of this lawsuit cannot cure the deficiencies in service") (internal citations omitted).

Accordingly, this court finds that plaintiff has not properly served process on defendant and that defendant's actual notice of the suit did not cure that defect.  Nevertheless, the court finds that defendant waived defects in the service of process.

As noted, one day after this court found that plaintiff had not properly served process, defendant filed with this court his Answer to Plaintiff's Motion for Temporary and Preliminary Injunctive Relief.  (Doc. No. 11).  In that pleading, defendant contests, among other things, personal jurisdiction generally.  He does not specify that service of process was improper.  Rule 12(b)(5) provides for the raising of challenges to the form of service by either responsive pleading or by motion.  Fed. R. Civ. P. 12(b)(5).  However, Rule 12(h)(1) specifies that "a party waives" a 12(b)(5) defense by failing to raise it in its first responsive pleading or motion.  Fed. R. Civ. P. 12(h)(1).

5

See also Roque v. U.S., 857 F.2d 20, 21 (1st Cir. 1988). Here, because defendant only challenges personal jurisdiction generally, and does not specify insufficient service of process, he is deemed to have waived the defense by operation of Rule 12(h)(1). Id. at 22 ("insufficient service of process should not be subsumed as having been raised in an answer's assertion of lack of personal jurisdiction").

Defendant having waived objections to the form of process under Rule 4(e), the court sets for hearing on October 5, 2010, at 10:30 a.m., plaintiff's Motion for Preliminary Injunctive Relief (Doc. No. 7). Defendant having appeared in this case, notice of the preliminary injunction hearing through the court's standard procedure of sending orders by U.S. mail to *pro se* parties shall constitute sufficient notice.

With respect to defendant's challenges to the court's personal jurisdiction and venue, the court allows defendant until September 24, 2010, to file a brief in support of his "motions."[2] Though plaintiff has already provided legal authority and argument on the personal jurisdiction issue (Doc.

---

[2] Though defendant's filing (Doc. No. 11) does not conform to Local Rule 7(a)(1), because defendant is appearing *pro se*, the court construes his "Answer to Plaintiff's Motion for Temporary and Preliminary Injunctive Relief" (Doc. No. 11) to operate also as a motion challenging venue and personal jurisdiction. See L.R. 1.3(b)("court may excuse a failure to comply with any local rule whenever justice so requires").

6

No. 12), plaintiff is allowed until October 1, 2010, to file a responsive brief to defendant's venue and personal jurisdiction motions. The court will take those motions under advisement and will address them at the preliminary injunction hearing.

    SO ORDERED.

                                                          _____
                                                          Landya B. McCafferty
                                                          United States Magistrate Judge

Dated:  September 16, 2010

cc:   Steven E. Grill, Esq.
      Anne E. Trevethick, Esq.
      Dayton Crabtree, pro se